IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Alan Deaton, Jeff Boucher and Anita Strickland, ) ) ) | |
| Plaintiffs, ) ) | Case No. _____ |
| v. ) ) | |
| ) | **COMPLAINT** |
| Ryan Motors, Inc. ) ) | **AND** |
| ) | **DEMAND FOR JURY TRIAL** |
| Defendant. ) ) | |

COME NOW the Plaintiffs, Alan Deaton, Jeff Boucher and Anita Strickland, and for their Complaint against the Defendant, state as follows:

### I.   PARTIES AND JURISDICTION

1. Plaintiff Alan Deaton is a resident of Williston, North Dakota.

2. Plaintiff Jeff Boucher is a resident of Williston, North Dakota.

3. Plaintiff Anita Strickland is a resident of Williston, North Dakota.

4. Defendant Ryan Motors, Inc., is a domestic corporation, incorporated in North Dakota, with its headquarters in Williston, North Dakota, which at all times relevant hereto was engaged in the sale, servicing and repair of motor vehicles.

5. This action arises under the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 201 et seq., as hereinafter more fully appears. The jurisdiction of this court is founded on 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because those claims arise from a common nucleus of operative fact with the

federal claims, namely the failure to pay overtime to non-exempt employees.

6. Venue is proper in the U.S. District Court for the District of North Dakota, Western Division, because the Defendant was an employer with its principal place of business in Williston, North Dakota, and at all times material hereto the Plaintiffs herein were its employees working at its facility at 1212 2nd Street West in Williston, North Dakota.

## II. STATEMENT OF FACTS RELEVANT TO ALL PLAINTIFFS

7. At all times material hereto, Defendant employed the three Plaintiffs as either a service writer, service advisor or express lane manager at its location at 1212 2nd Street West in Williston, North Dakota.

8. While employed by Defendant in various months between June 2017 and November 2018, all of the Plaintiffs were paid a set salary per week. In each and every week during their employment, Plaintiffs worked in excess of 40 hours per week yet were not paid overtime for the hours they worked in excess of 40 hours per week.

9. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half the regular rate at which its employees are paid are applicable to the Defendant or the Plaintiffs herein.

10. Defendant knew that Plaintiffs were entitled to overtime pay under Federal law or showed reckless disregard for whether Plaintiffs were entitled to overtime pay.

11. The same conduct outlined above also violates North Dakota state law and regulations as set forth at North Dakota Administrative Code § 46-02-07-02(4). Like its federal counterpart, North Dakota law mandates that overtime compensation must be paid at one and one-half times the employee's regular rate.

12. Defendants' failure to pay Plaintiffs the overtime compensation to which they were

entitled constituted a willful violation of the provisions of the FLSA, including but not limited to 29 U.S.C. § 207, and Plaintiffs are thus entitled to recover compensation for unpaid overtime dating back three years from the commencement of this action, pursuant to 29 U.S.C. §255(a), plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

### III. STATEMENT OF FACTS RELEVANT TO ALAN DEATON

13. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-12.

14. Plaintiff Alan Deaton was employed by Defendant as a service writer from June 2017 to March 2018 at a salary of $4,550 per month. Deaton was employed as express lane manager from March 2018 to August 2018 at a salary of $5,000 per month.

15. Between June 2017 and March 2018, Deaton worked 430 uncompensated overtime hours. He was entitled to be paid $39.37 for each hour of overtime, or a total of $16,929.10.

16. From March 2018 to August 2018, Deaton worked 256.03 uncompensated overtime hours. He was entitled to be paid $43.26 for each hour of overtime, or a total of $11,075.85.

### IV. STATEMENT OF FACTS RELEVANT TO JEFF BOUCHER

17. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-16.

18. Plaintiff Jeff Boucher was employed by Defendant as express lane manager from May 2017 to March 2018 at a salary of 6,000 per month.

19. Between May 2017 and March 2018, Boucher worked approximately 71 uncompensated overtime hours per month or a total of 745 uncompensated overtime hours, the exact amount to be proved at trial. He was entitled to be paid $51.92 for each hour of overtime, or a total of $38,680.40.

### V. STATEMENT OF FACTS RELEVANT TO ANITA STRICKLAND

20. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-19.

21. Plaintiff Anita Strickland was employed by Defendant as a service advisor from May 2018 to November 2018 at a salary of $5,700 per month.

22. Between May 2018 and November 2018, Strickland worked approximately 306 uncompensated overtime hours, the exact amount to be proved at trial. She was entitled to be paid $49.32 for each hour of overtime, or a total of $15,091.92.

## VI. DAMAGES PURSUANT TO NORTH DAKOTA LAW

23. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-22.

24. In addition to or as an alternative to their damages under the FLSA, Plaintiffs may be entitled to recover interest and treble damages under Title 34 of the North Dakota Century Code, N.D.C.C. § 34-14-09.1

## VII. ATTORNEY FEES

25. Plaintiff re-allege and incorporate herein the allegations set forth in Paragraphs 1-24.

26. Plaintiffs request an award of their reasonable attorney's fees and costs incurred in pursuing this action under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(d).

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For approximately $28,004.95 in overtime compensation owed to Alan Deaton, plus an equal amount in liquidated damages, for a total of $56,009.90 or such amount as is proved at trial;

2. For approximately $38,680.40 in overtime compensation owed to Jeff Boucher, plus an equal amount in liquidated damages, for a total of $77,360.80, or such amount as is proved at trial;

3. For approximately $15,091.92 in overtime compensation owed to Anita Strickland, plus an equal amount in liquidated damages, for a total of $30,183.84, or such amount as is proved at trial;

4. For an award of their reasonable attorney fees incurred in this action;

5. For an award of their costs and disbursements herein;

6. For an award of interest on all unpaid overtime compensation at the maximum amount allowed by law;

7. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs Alan Deaton, Jeff Boucher and Anita Strickland demand a trial by jury of the maximum number of jurors permitted by law.

Dated this 2 day of April, 2019.

_____
Leo F.J. Wilking
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
Phone: (701) 356-6823
Fax: (701) 478-7621
lwilking@wilkinglaw.com
ATTORNEY FOR PLAINTIFFS